Daniel, J.
 

 The plaintiffs’ declaration is in assump-sit, on two promissory notes. Plea, non assumpsit. The plaintiffs offered in evidence two notes signed by the defendant’s intestate. The jury assessed the plaintiffs’ damages to ,$107' 74, of which $98 15, was principal money, and-they further found, that on the day the writ was issued the principal money due on both of these notes was $98 15, and $5 06 interest. Whereupon, on motion, the court ordered the plaintiffs to be nonsuited, and they appealed.
 

 The Superior Court has jurisdiction of all sums of one hundred dollars and upwards due by bond, promissory note, .or liquidated account signed by the party to be charged thereby. Rev. Stat. ch. 31, s. 40. And if any suit shall be commenced in any of the said courts (County or Superior) for any sum of
 
 less value
 
 than one hundred dollars due by bond, promissory note, or liquidated account signed by the party tojbe charged therewith, the same shall be dismissed by the court. Ibid. sec. 41. And, in a suit commenced in the Superior Court, if by the verdict of a jury it shall be ascertained, that a less sum is due lo the plaintiff in
 
 principal and interest,
 
 than, by the provisions of the said 40th section, the said Superior Court has jurisdiction of, the court shall nonsuit the plaintiff. Ibid. sec. 42. It ap
 
 *45
 
 peared by the finding of the jury in this case, that the sum due to the plaintiffs on the two notes for principal and interest, at the date of the writ, was § 103 21. It seems to us that the Superior Court had jurisdiction, and that the judgment of nonsuit was erroneous. It the damages stated in the count would cover them, any number of notes in the same right might have been consolidated and given in evidence, provided the principal and interest due on them amounted to glOO or upwards. It has been suggested to us that probably the word “ balance,” in the third line of the fortieth section, might have a bearing on the case. But that word when read with its context and with the three last lines in the section, xvill be perceived to have no governing control on suits in the Superior Courts on money ■notes, of the description of those sued on in this action. We do not doubt that a magistrate had concurrent jurisdiction in the case. The non-suit must be set aside and judgment rendered for the plaintiffs on the verdict.
 

 Per Curiam, Non-suit set aside and judgment for the plaintiffs.